MEMORANDUM **
Judy Jones appeals pro se from the Bankruptcy Appellate Panel’s (“BAP”) de- *600 cisión affirming the bankruptcy court’s determination that debtors Theodore and Donna Prince were insolvent at the time they transferred $7,500 to Jones, and, thus, the transfer was an avoidable preference. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the decision of the BAP de novo, the bankruptcy court’s factual findings for clear error, and the bankruptcy court’s ruling on a motion for reconsideration for an abuse of discretion. Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir.2000). We affirm.
The bankruptcy court did not clearly err by relying on the bankruptcy schedules, rather than Mr. Prince’s testimony, to determine the value of the Princes’ personal property. See Rifino v. United States (In re Rifino), 245 F.3d 1083, 1086 (9th Cir.2001) (“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”) (internal quotation marks omitted). Because the Princes’ liabilities were greater than the value of the Princes’ home and personal property at the time of the transfer, the bankruptcy court did not clearly err in finding that the Princes were insolvent. See 11 U.S.C. § 101(32)(A) (defining insolvency as a “financial condition such that the sum of such entity’s debts is greater than all of such entity’s property”).
The bankruptcy court did not abuse its discretion in denying Jones’ motion for reconsideration because the evidence presented to the court was available at the time of the trial and, in any event, did not affect the Princes’ liability and asset valuations enough to change the insolvency finding. See Far Out Prods. v. Oskar, 247 F.3d 986, 997-98 (9th Cir.2001) (explaining that under Fed.R.Civ.P. 59(a) the appellant must show that new evidence could not have been discovered sooner through the exercise of reasonable diligence and would likely have changed the outcome of the case); see also Fed. R. Bank. P. 9023 (applying Rule 59 to bankruptcy cases).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.